IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

vs.                                     Case No. 5:05cv195-RH/WCS

**HERBERT L. HOPE, JR., et al.,**

    Defendants.

_____/

## FIFTH REPORT AND RECOMMENDATION

A "motion for entry of order of foreclosure and sale," has been filed by Plaintiff. Doc. 53. A ruling on that motion should be deferred because on the same day as that motion was filed, a document was submitted by Herbert L. Hope. Jr. Doc. 54. That document, entitled a "motion for continuance and motion to set aside Default" could potentially affect the motion filed by Plaintiff.

Defendant essentially requests that the default judgment entered against him be vacated. Doc. 54. Mr. Hope states that he "was not made aware of hearing on 1-26-07 untill [sic] after the fact." *Id.* There was no hearing on January 26, 2007. Everything that has occurred in this case has been based upon motions and documents filed in the case. Mr. Hope was not given notice of the motions and proceedings because he never

appeared to defend in this action.  The Plaintiff, the United States, is not required to give notice to a party who has been served with process but has failed to enter an appearance and provide an address for service of documents.

Mr. Hope also states that he has "received no mail from IRS in 12 mos. about this case."  *Id.*  Furthermore, Mr. Hope asserts his desire for additional time to discuss settlement of this case with the IRS.  *Id.*  It does not appear, however, that a copy of this document was provided to counsel for Plaintiff.  Through issuance of this report and recommendation, Plaintiff now has notice that this document was filed.

Although there is some truth to Mr. Hope's statement that he received nothing about this case in the last 12 months, it is not true that Mr. Hope knew nothing about this case.  This case was initiated on September 26, 2005.  Doc. 1.  Summons were issued on December 5, 2005, when waivers of service were not returned.  Doc. 4.  A motion for service of process by publication was filed on January 13, 2006, for service on Defendant Herbert L. Hope, Jr., because the Government had been unable to serve him at addresses where he was believed to reside and because it appeared that Mr. Hope was attempting to evade service.  Doc. 10.  The motion was granted on January 23, 2006.  Doc. 13.  Shortly thereafter, Defendant Herbert L. Hope, Jr. signed a waiver of service of summons.  *See* doc. 17, exhibit.  The waiver was signed by Defendant Hope on February 17, 2006, and the notice advised that an answer was to be filed within 60 days of April 17, 2006.[1]  *Id.*  When nothing was received, Plaintiff filed a request for Clerk's entry of default on June 26, 2006, doc. 30, and the Clerk entered

---

[1] Sixty days later would be June 16, 2006.  Plaintiff filed the waiver of service. Doc. 17, exhibit.

Case No. 5:05cv195-RH/WCS

default on July 12, 2006.  Doc. 33.  Thereafter, a motion for default judgment against Defendant Herbert L. Hope, Jr. was filed by the Government on August 9, 2006.  Doc. 34.  A report and recommendation was entered the following day, doc. 35, recommending the motion be granted.  The report and recommendation was adopted and the motion for default judgment was granted on September 11, 2006.  Doc. 38.  Default Judgment was entered on September 12, 2006.  Doc. 39.  Pursuant to FED. R. CIV. P. 55, default judgment is appropriately entered when a Defendant fails to plead or otherwise defend in an action.  The default judgment was correct as entered.

Nevertheless, a motion for relief from judgment may be filed pursuant to FED. R. CIV. P. 60.[2]  A party may be relieved from a final judgment under Rule 60(b), for "mistake, inadvertence, surprise, or excusable neglect . . . ."[3]  FED. R. CIV. P. 60(b)(1).  "Motions made under Rule 60(b) are within the sound discretion of the trial court." Turner v. Secretary of Air Force, 944 F.2d 804, 807 (11th Cir. 1991), *citing* Jackson v. People's Republic of China, 794 F.2d 1490, 1494 (11th Cir. 1986), *cert. denied*, 480 U.S. 917 (1987).  Defendant has not presented sufficient reasons to vacate the

---

[2] A Rule 60 motion may be filed for clerical mistakes under Rule 60(a), or to be relieved due to mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, and the like under Rule 60(b).  The motion in this case must necessarily fall under the second category because a clerical mistake was not made.

[3] Other reasons specified in Rule 60(b) are: "(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  FED. R. CIV. P. 60(b).  These are not applicable.

judgment entered in this case.  Defendant states only that he wishes to settle this matter and wants to discuss settlement before the Government forecloses upon his home. Defendant, however, may contact the attorney for the United States about settlement at any time, and could have done so long before now, but the Court cannot become involved in settlement discussion.  Plaintiff does not provide any explanation for his failure to respond to the complaint filed against him, and he does not explain why he did not reply even after receiving the waiver of service.  As Plaintiff has presented no basis for relieving him of the judgment entered against him approximately six months ago, his motion should be denied.

Therefore, it is respectfully **RECOMMENDED** that Defendant Herbert L. Hope's motion for relief from default judgment pursuant to Rule 60(b), doc. 54, be **DENIED**.  It is further **RECOMMENDED** that this case be **REMANDED** to me for further proceedings and consideration of Plaintiff's motion for entry of order of foreclosure and sale, doc. 53.

**IN CHAMBERS** at Tallahassee, Florida, on March 8, 2007.


s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 5:05cv195-RH/WCS